**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY STORY, | No. 17-71714 |
| Applicant, | |
| v. | ORDER |
| DEAN BORDERS, Warden, | |
| Respondent. | |

Application to File Second or Successive Petition Under 28 U.S.C. § 2254

Submitted August 4, 2020[*]

Before:     TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

The application for authorization to file a second or successive 28 U.S.C.

§ 2254 habeas corpus petition in the district court is denied.  The applicant has not

made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

(A)  the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a

[*]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The applicant seeks to rely on newly turned over evidence consisting of physical samples taken during the 1976 autopsy of the victim. He contends that the slides demonstrate the absence of any male DNA in the victim, which undermines the jury's finding that he committed the killing during the course of committing a rape or burglary. Contrary to the applicant's contention, the samples are consistent with the medical examiner's trial testimony that he saw no physical signs of a sex act in the autopsy, and they do not undermine the circumstantial evidence presented at trial. The applicant has failed to establish by clear and convincing evidence that no reasonable finder of fact could have found he committed the crime in question but for the prosecution's failure to turn over the samples prior to trial. *See Brown v. Muniz*, 889 F.3d 661, 675 (9th Cir. 2018).

Any pending motions are denied as moot.

No further filings will be entertained in this case.

**DENIED.**